David **HUTTON,** Plaintiff,

v.

**CITY OF MARTINEZ, et al.,** Defendants.

No. C 02–1606 CRB.

United States District Court,
N.D. California.

Oct. 27, 2003.

Andrew C. Schwartz, Casper, Meadows & Schwartz, Walnut Creek, CA, for Plaintiff.

James V. Fitzgerald, III, Joseph E. Finkel, McNamara, Dodge, Ney, Beatty, Slattery & Pfalzer, LLP, Walnut Creek, CA, for Defendants.

## ORDER

LARSON, United States Magistrate Judge.

### Background

On April 6, 2001, Defendant Roger Ray, a Martinez police officer, shot Plaintiff David Hutton in the back. Plaintiff contends that Ray, who claims he saw Plaintiff reaching for a gun, in fact shot him because the officer was in such poor physical condition that he was incapable of pursuing Plaintiff on foot. In fact, Ray had surgery after the incident. He went on temporary disability from April 8, 2001 through May 1, 2002 and took a disability retirement effective May 2, 2002. Plaintiff filed suit in this District April 3, 2002 for violation of his civil rights under 42 U.S.C. § 1983.

### Discovery Dispute

Plaintiff's counsel received a copy of the post-shooting transcription of Ray's statement and noticed that he mentioned severe back pain and neck pain in the course of the interview. During Ray's deposition in this case, on February 24, 2003, Plaintiff's counsel attempted to ask him about his physical condition the day of the shooting. He asked Ray about his back surgery, his subsequent disability and his retirement from the Martinez Police Department. Counsel for Ray objected on the basis of the physician-patient privilege and Ray's privacy, and instructed Ray not to answer. Ray did testify, however, that he was not experiencing any back pain on the day of the shooting and was able to run.

Plaintiff then propounded discovery requests to both the City and Ray to obtain documentary evidence of Ray's physical condition the day of the shooting. Defendants provided some documents and interrogatory responses, but the worker's compensation carrier, Contra Costa County Municipal Risk Management Insurance Authority ("CCCMRMIA"), declined to produce the worker's compensation file or medical records relevant to Ray's work-related back injury from his treating physician, Dr. Nottingham. Ray has also not testified at deposition regarding his back injury, his back surgery and his subsequent disability and retirement.

On April 28, 2003, Plaintiff noticed and served a subpoena for the deposition of Lisa Poirier, the claims person handling Ray's worker's compensation claim. Plaintiff requested that she bring Ray's file to the deposition. May 13, 2003, Alan Cohen, counsel for CCCMRMIA, advised Plaintiff's counsel by letter that he believed Ray had a privacy interest in his medical records and that the records would not be disclosed without Ray's authorization. At Ms. Poirier's deposition on May 29, 2003, Defendants' counsel instructed her not to answer any questions regarding Ray's worker's compensation file on the basis of Ray's right to privacy and the Health Insurance Portability and Accountability Act. ("HIPAA") The claims file was not produced.

The parties met and conferred by letter over a period of time and in person on May 29, 2003 to attempt to resolve this dispute.

On June 11, 2003 the parties submitted their Joint Statement to the Court regarding their dispute over Ray's deposition and his medical and worker's compensation files. On July 24 2003 this Court issued an order pursuant to the decision in the *Soto* case that Defendants produce both the medical records and the worker's compensation file for Roger Ray to the Court for in camera review. (Docket # 62) The files were submitted to the Court on August 20, 2003. The Court reviewed all the documents in both files.

## Legal Analysis

Plaintiff contends that Ray's records are relevant to the issue of whether Ray's back injury caused him to shoot Plaintiff, rather than run after him. Plaintiff contends that whether Ray was physically capable of performing his duties adequately and safely is relevant to whether Ray was trained to use less aggressive methods of force to subdue Plaintiff. *See, e.g. Parker v. District of Columbia*, 850 F.2d 708 (D.C.Cir.1988). ("Given Officer Hayes' physical condition, it is not hard to fathom that his most effective method for subduing the objects of his pursuits would be the use of a firearm as opposed to the application of physical force. This condition posed a foreseeable risk of harm to others") *Id.* at 713. If Ray was unable to pursue Plaintiff on foot, due to his back injury, he may have decided to shoot him instead.

Plaintiff also contends the deposition testimony and documents are also relevant to whether the City of Martinez properly trained, supervised and retained Ray. ("We are persuaded that a fair-minded jury could have concluded that Officer Hayes' conduct was the result of deliberate indifference on the part of the District with respect to the physical training of its police officers.") *Id.* at 714.

Defendants distinguish the *Parker* case as dealing solely with inadequate training for an officer on how to physically restrain a subject. They contend that any disclosure should be limited to the day in question and Ray's condition at that time. They also assert Defendant's privacy rights in the documents and his personal medical information.

CCCMRMIA relies on the Health Insurance Portability and Accountability Act ("HIPAA") to justify withholding Ray's worker's compensation and medical files. CCCMRIMIA asserts its duty to protect Ray's privacy, since he objects to producing the records to Plaintiff, and it has no power to waive his privacy rights.

## Conclusion and Order

■ The privacy interest in one's confidential medical records is conditional and a limited impairment of the right may be allowed if properly justified. *Soto v. City of Concord*, 162 F.R.D. 603, 618 (N.D.Cal.1995) (calling for in camera review of records).

■ Assertions of privileges in federal question cases are governed by federal common law (Rule 501, Federal Rules of Evidence). The physician-patient privilege is not recognized by federal common law, federal statute, or the U.S. Constitution. *Soto, Id.* Where application of state law would be clearly inconsistent with federal law, state law privileges do not apply. *See, e.g. Pagano v. Oroville Hosp.*, 145 F.R.D. 683, 688 (E.D.Cal.1993). [*Pagano* relies heavily on Judge Brazil's discussion of the intersection between federal discovery and state privilege laws in *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D.Cal.1987), as well as numerous cases from other districts.]

■ Therefore, Ray may not rely on the physician-patient privilege or medical records privilege to withhold records. Nor may he rely on a right of privacy, since this right is only available explicitly under the California Constitution and may be abrogated where justified under federal law. *Soto, Id.* The Court must balance Ray's privacy rights against Plaintiff's need for the information.

■ This Court finds that the information in Ray's medical records and worker's compensation file is directly relevant to his physical condition on the day of the shooting. It is unrealistic to limit discovery to the day in question because of the possible cumulative effect of injuries over time. The information

in the files could also support or contradict Ray's testimony that on the day of the shooting he was not suffering from any pain which would have affected his ability to pursue Plaintiff or which would have motivated him to shoot Plaintiff rather than chase him.

The Court finds the decision in *Parker* persuasive because it involved the Police Department's duty both to train its officers and also to monitor their physical condition to assure their fitness for duty. In the case at bar, if Ray was unable to pursue a fleeing suspect due to his physical condition, it could lead to a conclusion that the Martinez Police Department did not adequately train its officers to assure that their physical condition was adequate for the performance of their duties.

■ CCCMRMIA relies on the Health Insurance Portability and Accountability Act ("HIPAA") to justify withholding Ray's worker's compensation and medical files. However, Section 164.512 subsection (e) of HIPAA allows disclosure of information in the course of judicial and administrative proceedings. Disclosure may be compelled in response to a court order or to a subpoena, discovery request, or other lawful process, even if not accompanied by a court order, if the party seeking the information makes reasonable efforts to secure a qualified protective order. (Section 164.512(e)(1)(I) and (ii)(A) and (ii)(B)). Plaintiff has attempted to obtain the information by both subpoena and discovery request, and the parties have agreed to a protective order.

The Court finds that HIPAA does not preclude production of the medical records and worker's compensation files in response to either a discovery request, subpoena or this Court's order, under an adequate protective order. There is already a protective order in this case, which adequately safeguards the defendant's privacy. Accordingly,

It is hereby ordered that Defendants shall produce to Plaintiff within 20 days of the date of this order the medical file and the worker's compensation file which were reviewed by the court. Identifying information such as Ray's Social Security number, home address and the identity of any family members shall be redacted. In addition, Ray may be questioned at deposition regarding the contents of these files and his physical condition and medical treatment. Ms. Poirier may be questioned regarding the contents of the files.

IT IS SO ORDERED.